# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RONJE, | ) 1:15-cv-01753 LJO-BAM (PC) |
| Plaintiff, | ) SCREENING ORDER DISMISSING <br> ) COMPLAINT WITH LEAVE TO AMEND |
| v. | ) THIRTY-DAY DEADLINE |
| NORM KRAMER, et al., | ) |
| Defendants. | ) |

Plaintiff Edward Ronje ("Plaintiff") is committed to a state hospital under California's Sexually Violent Predators Act ("SVPA") and proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on November 19, 2015, is currently before the Court for screening. (ECF No. 1).

**Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### **Summary of Plaintiff's Allegations**

Plaintiff is currently housed at Coalinga State Hospital. The events in the complaint are alleged to have occurred while Plaintiff was housed at Pleasant Valley State Prison. Plaintiff names as defendants: Norm Kramer, ex-Executive Director of State Mental Hospitals; Pam Ahlin, Executive Director of State Hospitals; Audrey King, ex-Director of Coalinga State Hospital; Cliff Allenby, ex-Executive Director of five hospitals; Stephen Mayberg, ex- director of five hospitals; Jerry Brown, Governor; and Fresno Board of Supervisors. Plaintiff alleges that the defendants are personally and officially liable for the conduct alleged in the complaint.

Plaintiff alleges as follows: Plaintiff alleges that he is a civil detainee. He alleges that the defendants were negligent, deliberately indifferent and recklessly indifferent in placing plaintiff in an environment where he was exposed to highly dangerous Valley Fever. Plaintiff alleges his placement in Pleasant Valley subjected him to Valley Fever (Coccidiodomycosis). Plaintiff was never informed of the disease or of the risks of the disease. Plaintiff alleges that defendants had specific and medical knowledge of the danger Coccidiodomycosis before he was transported and as early as 1991.

Plaintiff alleges he is an African-American male who is civilly detained under the Sexually Violent Predator Act. Plaintiff alleges that each of the individual defendants was acting within the scope of their employment in the development and promotion of incarceration of individuals at dangerous locations. All of the defendants are legally responsible for the operation of the California State Hospital and for the health and safety of the persons in custody. Plaintiff alleges that all defendants were agents of one another and responsible in whole or in part for the operation of the hospitals and for the health and safety of the persons held in custody. Plaintiff alleges that Defendants are obligated to provide psychiatric treatment, support and medical services consistent with the American with Disabilities Act. Plaintiff alleges that support services depart from accepted risk management practices which expose patients to risk of infection of Valley Fever spores. Plaintiff lists various ways that support services depart from accepted ways of risk management. (ECF No. 1 p. 12.) Plaintiff alleges that Defendants refuse to assess individuals and checkups for Valley Fever spores. Plaintiff alleges he has been deprived of any protective medical health services. Plaintiff alleges that Defendants have failed to properly monitor, train and supervise the environment. Plaintiff alleges Defendants erroneously assumed the disease was not life threatening and condoned the policies, practices and custom of deliberate indifference to the health and safety of patients.

Plaintiff's first claim is a state law claim for Negligence against the individuals in that he was dependent upon defendants' care and that they failed to treat his needs and placed him in a dangerous location. Plaintiff alleges he is held in an environment that could potentially cause him permanent crippling physical injury. Plaintiff's second claim is a state law claim for failure to provide adequate facility equipment and personnel. Plaintiff alleges that personnel have not been adequately trained and the facilities and equipment are not adequately maintained so as to minimize the risk of exposure to spores and the disease. Plaintiff's third claim is a state law claim for Abuse of Dependent Adult.

Plaintiff's fourth claim for deliberate indifference under the First, Eighth and Fourteenth Amendment and for violation of the American's with Disabilities Act. Plaintiff alleges he was committed for mental health treatment, but "has experienced substantial limitations in his

physical abilities on different occasions." He alleges that he is protected by his mental impairment. He alleges he was discriminated against because of Defendants' disregard of a possible medical injury to Plaintiff as a result of the Valley Fever spores.

Plaintiff seeks as relief general and special damages and punitive damages. Plaintiff also seeks an injunction and declaratory relief that defendants violated the laws.

### Discussion

**1. Rule 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; see also *Twombly*, 550 U.S. at 556–557.

The complaint is convoluted and disjointed and does not contain a short and plain statement of the claims showing that he is entitled to relief as Rule 8 requires. It is comprised of conclusory statements. Plaintiff's generalized and conclusory statements and recitals of the elements of a claim are not sufficient. Plaintiff fails to describe specific actions taken by the Defendants named in his complaint which violated his constitutional rights. The complaint lumps Defendants together and fails to distinguish adequately claims and alleged wrongs among Defendants. A plaintiff suing multiple defendants must allege the basis of his claim against each defendant to satisfy Rule 8(a)(2). Plaintiff will be granted leave to amend his complaint. If Plaintiff elects to amend his complaint, he must set forth factual allegations against each named defendant sufficient to state a claim.

At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief via his factual allegations. If Plaintiff feels compelled to submit exhibits with an amended complaint, he is reminded that such exhibits must be attached to the

amended pleading and must be incorporated by reference. Fed. R. Civ. Pro. 10(c). For example, Plaintiff must state "see page 2 of Exhibit A" or something similar to direct the Court to the specific exhibit and the specific portion thereof and he should explain what he thinks the exhibit shows. Finally, if Plaintiff attaches exhibits to his complaint, he is advised that the Court will not wade through exhibits to verify evidentiary support. Rather, his allegations must be sufficient standing alone.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link Defendants to any constitutional violation. Plaintiff does not identify any individual defendant in the allegations of his complaint and attribute any specific conduct to the named defendants. As noted above, Plaintiff merely lumps each defendant together. If Plaintiff elects to amend his complaint, then he must state what each person did or did not do that caused the alleged violation(s) of his constitutional rights.

### 3. Supervisory Liability

To the extent Plaintiff seeks to hold the Directors, ex-Directors and Governor liable based solely upon their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of

respondeat superior. *Iqbal,* 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff does not allege that Defendants were personally involved in any constitutional deprivation. Further, Plaintiff fails to identify any policy sufficient to impose liability against Defendants the supervisory defendants. Plaintiff's conclusory allegations are insufficient. There is no indication that these officials were responsible for building of Pleasant Valley State Prison or for Plaintiff's placement there in violation of any constitutional rights.

**4. Official Capacity**

Plaintiff is suing each of the defendants in their official capacities. An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L.Ed. 2d 114 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L.Ed. 2d 878 (1985)); see also *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Because no respondeat superior liability exists under Section 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. *Monell v. Dep't of Soc. Servs. of City of*

*New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); see also *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L.Ed. 2d 412 (1989).

Supervisory liability may exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L.Ed. 2d 412 (1989); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1076 (9th Cir. 2012) ("§ 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which" causes a constitutional deprivation.) For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be closely related to the ultimate injury. Plaintiff must allege that the injury could have been avoided had proper policies been implemented.

Plaintiff names various individuals as Defendants who hold supervisory level positions. However, Plaintiff is advised that a constitutional violation cannot be premised solely on the theory of respondeat superior, and Plaintiff must allege that the supervisory Defendants participated in or directed conduct associated with his claims.

**5. Detainee**

The complaint is unclear if Plaintiff claims a failure to protect or a failure to provide medical care. As a civil detainee, Plaintiff's rights are protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982); *Cranford v. Dirige*, Case No. 1:14-cv-01101-BAM, 2014 WL 5454213, at *2 (E.D. Cal. Oct. 28, 2014). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are

designed to punish." *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004) (quoting *Youngberg*, 457 U.S. at 321–22); cf. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1243–44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial, are afforded only those protections provided by the Eighth Amendment). Thus, to avoid liability, Defendants' decisions must be supported by "professional judgment." *Youngberg*, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." Youngberg, 457 U.S. at 323.

A civil detainee need only show that a prison official purposely or knowingly subjected him to a risk of serious harm that was objectively unreasonable and need not show the defendant's subjective state of mind. *Castro v. Los Angeles*, 833 F.3d 1060, 1068-69 (9th Cir. 2016) (citing *Kingsley v. Hendrickson*, ___ U.S. ____, 135 S.Ct. 2466, 2472-73 (2015)).

Until recently, courts in this district have found that mere confinement in a location where Valley Fever is prevalent fails to pose an excessive risk of harm. *Jones v. Hartley*, No. 1:13-cv-01590-AWI-GSA-PC, 2015 WL 1276708, *4 (E.D. Cal. Mar. 19, 2015) ("no courts have found that exposure to valley fever spores at the level experienced by the community at large presents an 'excessive risk' to inmate health"); *Williams v. CDCR*, No. 1:14-cv-01912-JLT (PC), 2015 WL 6669816, at *3 (E.D. Cal. Oct. 29, 2015) ("Unless there is something about a prisoner's conditions of confinement that raise the risk of exposure substantially above the risk experienced by the surrounding community, it cannot be said that the prisoner is forcibly and knowingly exposed to a risk the society would not tolerate to meet the objective component of a claim under the Eighth Amendment."); *Montano v. Adams*, No. 1:15-cv-0452 DLB PC, 2016 WL 310175, at *3 (E.D. Cal. Jan. 26, 2016) (inmate cannot state a claim under the Eighth Amendment based solely on the exposure to and contraction of Valley Fever); *Hines v. Youssef*, No. 1:13–cv–00357–AWI–JLT, 2015 WL 164215, *5 (E.D. Cal. Jan. 13, 2015) ("Unless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk that society would not tolerate."); *but c.f.*

*Beagle v. Schwarzenegger*, 107 F.Supp.3d 1056, 1068 (E.D. Cal. 2014) (finding that mere exposure to valley fever is sufficient to state a claim); *Jackson v. Davey*, No. 1:14-cv-1311-LJO-MJS (PC), 2015 WL 3402992, at *5 (E.D. Cal. 2015) ("Plaintiff no longer needs to allege particular[ ] susceptibility to Valley Fever; mere exposure is sufficient to state a claim.").

Thus, Courts in this district have generally found claims arising from the housing of prisoners in a Valley Fever endemic area to be insufficient to state a constitutional violation under Section 1983. *Williams v. Biter*, Case No. 1:14-cv-02076-AWI-GSA (PC), 2015 WL 1830770, at *3 (E.D. Cal. Apr. 9, 2015); see also *Smith v. State of California*, Case No. 1:13-cv-0869-AWI-SKO (PC), 2016 WL 398766, *1 (E.D. Cal. Feb. 2, 2016) ("It has long been the position of this court that a constitutional right, whether under the Eighth or Fourteenth Amendments, is not violated where a prisoner or detainee is subjected to a condition that is no more dangerous than what the people in the community where the confinement occurs freely tolerate."); *Cunningham v. Kramer*, Case No. 1:15-cv-01362-AWI-MJS (PC), 2016 WL 1545303 (E.D. Cal. Apr. 15, 2016) (discussing history of case law in Valley Fever cases).

Here, even under a more lenient standard of the Fourteenth Amendment, Plaintiff fails to allege facts to indicate that the risk of exposure to Valley Fever at Pleasant Valley State Prison is any higher than the surrounding community. "Unless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk the society would not tolerate." *Hines*, 2015 WL 164215, at *4. Therefore, merely being confined in an area in which Valley Fever spores are present does not state a claim under the Eighth Amendment. Plaintiff does not allege that the risk to Plaintiff is higher than the risk facing those similarly situated in the surrounding community where the prison is located.

### 6. Municipal Liability

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th

9

Cir.2009); *Webb v. Sloan*, 330 F.3d 1158, 1163–64 (9th Cir.2003). Rather, a local government unit may only be held liable if it inflicts the injury complained of. *Monell*, 436 U.S. at 694; *Gibson*, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir.2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. *Gibson*, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." *Id*. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Here, although Plaintiff names the Fresno County Board of Supervisors, he makes no allegations that would sustain liability under *Monell*. He does not allege facts to support a claim that an alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by Fresno County. He also fails to allege that any omission on the part of Fresno County caused an employee to commit a constitutional violation.

### 7. Departments within a Governmental Entity

A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of Section 1983. *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir.2005) (Ferguson, J., concurring) (findings municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); *see also Sanders v. Aranas*, 2008

1  WL 268972, *3 (the Fresno Police Department is not a proper defendant because it is a sub-
2  department of the City of Fresno and is not a person within the meaning of § 1983).

3        To the extent that Plaintiff names the Fresno County Board of Supervisors, he may not do
4  so. Sub-departments or bureaus of municipalities are not generally considered "persons" within
5  the meaning of section 1983. *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005)
6  (Ferguson, J., concurring).

7      **8. State Law Claims**

8        Plaintiff is informed that under California law, the Government Claims Act requires
9  exhaustion of those claims with the California Victim Compensation and Government Claims
10  Board, and Plaintiff is required to specifically allege compliance in his complaint. *Shirk v. Vista
11  Unified Sch. Dist*., 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty.*
12  (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc.
13  Servs*., 237 F.3d 1101, 1111 (9th Cir. 2001*); Mangold v. California Pub. Utils. Comm'n*, 67 F.3d
14  1470, 1477 (9th Cir. 1995); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th
15  Cir. 1988). Plaintiff has failed to allege compliance with the Government Claims Act.

16        The Court will not screen Plaintiff's state law claims because he failed to allege a federal
17  claim. The Court generally declines to exercise supplemental jurisdiction over state law claims in
18  the absence of viable federal claims and this case presents no exception. 28 U.S.C. § 1367(c)(3).

19  **CONCLUSION AND ORDER**

20        Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding
21  pro se, he will be given an opportunity to amend his complaint to cure the identified deficiencies
22  to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.
23  2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his
24  amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
25  complaints).

26        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
27  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*,
28  556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations

1  must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S.
2  at 555 (citations omitted).
3        Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.
4  *Lacey*, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself
5  without reference to the prior or superseded pleading." Local Rule 220.
6        Based on the foregoing, it is HEREBY ORDERED that:
7        1.  Plaintiff's complaint is dismissed with leave to amend for failure to state a claim upon
8            which relief can be granted;
9        2.  The Clerk's Office shall send Plaintiff a complaint form;
10       3.  Within thirty (30) days from the date of service of this order, Plaintiff shall file a first
11 amended complaint; and
12       4.  **If Plaintiff fails to file a first amended complaint in compliance with this order,**
13 **this action will be dismissed for failure to obey a court order and for failure to state a**
14 **claim.**
15
16 IT IS SO ORDERED.
17     Dated:   **December 6, 2016**                    /s/ *Barbara A. McAuliffe*
18                                                    UNITED STATES MAGISTRATE JUDGE